IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWARD LEE MILLER, #646559,** | ) | |
|                **Petitioner,** | ) | |
| | ) | |
| v. | ) | 3:06-CV-1286-B |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|                **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for writ of mandamus brought by a state prisoner to compel additional time credit. As set out more fully below, the petition for writ of mandamus should be construed as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Connally Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Kenedy, Texas. Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening. On September 6, 2006, the Court issued a questionnaire to Petitioner who filed his answers on September 18, 2006.

Statement of the Case: Petitioner was convicted of unlawful delivery of a controlled substance in the 195th Judicial District Court of Dallas County, Texas, in Cause No. 92-60042-

N. (Pet. for Writ of Mandamus at 1). He is scheduled to be released on mandatory supervision in November or December of this year. (*Id.* and Answer to Question 1 of the Magistrate Judge's Questionnaire).

In this action Petitioner alleges that he is entitled to time credit for the period of time spent at a halfway house before the revocation of his previous term of mandatory supervision.[1]

Petitioner neither submitted a request for Time Credit Dispute Resolution to TDCJ, nor filed a state application for writ of habeas corpus pursuant to art. 11.07, Texas Code of Criminal Procedure. (Pet. at 1 and Answer to Question 1). He explains that since he was within a few months of his re-release on mandatory supervision, he was entitled to file a petition for writ of mandamus with the Texas Court of Criminal Appeals. (Answer to Question 1). On August 16, 2006, however, the Court of Criminal Appeals denied without written order Petitioner's motion for leave to file original application for writ of mandamus. *See In re Miller*, No. WR,54-239-03 (white card enclosed as Attachment A to Petitioner's motion for leave to file amended pleading, filed on August 31, 2006).

Findings and Conclusions:  Petitioner's request for time credit so that he may be eligible for mandatory supervision at an earlier date is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (when a litigant seeks immediate or speedier release from confinement, the appropriate cause of action is a petition for writ of habeas corpus); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987)

---

[1] Petitioner is presently challenging the revocation of his previous term of mandatory supervision. *See* Miller *v. Quarterman*, 3:05cv2379-R (N.D. Tex, Dallas Div.) (findings, conclusion and recommendation of the undersigned Magistrate Judge filed on Aug. 2, 2006).

(same); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). Moreover, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). Accordingly, the petition for writ of mandamus should be construed as habeas corpus petition under § 2254.

Section 2254(b) and (c) provides that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985). The normal procedural mechanism for presenting disputes over time credits when the time for direct appeal has passed has historically been by a post-conviction petition for writ of habeas corpus, *see* Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2004), and more recently, by resorting first to the procedure outlined in Tex. Gov't Code Ann. § 501.0081 (Vernon Supp. 2006) before filing the state habeas application. *See Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (concurring opinion) (noting inmate may apply for a writ of habeas corpus under Article 11.07 after inmate receives written decision issued by highest authority provided for in the resolution system).

A review of the pleadings in this case reflects that Petitioner has not satisfied the exhaustion requirement. Petitioner correctly notes that the TDCJ sentence credit and dispute resolution process was unavailable to him because he was within 180 days of his discharge date. *See* Tex. Gov't Code § 501.0081(c); *Ex parte Stokes*, 15 S.W.3d 532, 533 (Tex. Crim. App. 2000). Nevertheless, Petitioner had adequate time to raise his time-credit claim in an art. 11.07 application. On July 27, 2006, when he filed his petition for writ of mandamus in the Court of Criminal Appeals, Petitioner could have just as easily filed an art. 11.07 application in the convicting court, raising the claim at issue in his federal petition. Accordingly, Petitioner's time-credit claim is unexhausted and this action should be dismissed without prejudice for failure to exhaust state habeas corpus remedies. *See Rose v. Lundy*, *supra*.[2]

---

[2] The court cautions Petitioner that the recent amendment to the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this and any subsequent petition that Petitioner may file in this court.

4

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of mandamus, CONSTRUED as a petition for a writ of habeas corpus, be DISMISSED without prejudice for failure to exhaust state court remedies.

A copy of this recommendation will be mailed to Petitioner.

Signed this 19th day of October, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.